IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 19 MK LLC & OV3RWATCH FOUNDATION CHARITABLE TRUST<br><br>Plaintiffs,<br><br>v.<br><br>THE OVERWATCH FOUNDATION,<br><br>Defendant. | Case No. 24-cv-3630<br><br>Hon. J.<br><br>Mag. J. M.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs, 19 MK LLC ("19 MK") and Ov3rwatch Foundation Charitable Trust ("Ov3rwatch Foundation") ("collectively "Plaintiffs"), by and through their attorneys, hereby bring the present action against the Defendant, The Overwatch Foundation ("Defendant"), and allege as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.* and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because the Defendant is a business entity incorporated in this district.

3. In accordance with Rule 20(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs are permissively joined in bringing this action as their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and the same questions of law or fact common to all Plaintiffs will arise in this action. The allegations central to the Plaintiffs' claims arise from the Defendant's unauthorized use of a mark that is confusingly similar to MK 19's OV3RWATCH FOUNDATION Trademark which is licensed to the Ov3rwatch Foundation.

1

## FACTS AND ALLEGATIONS

**<u>Plaintiff</u>**

4. This is a civil action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, trademark dilution under 15 U.S.C. § 1125(c), and common law unfair competition. The Plaintiffs seek relief including but not limited to injunctive relief, monetary damages, and attorney's fees against the Defendant, The Overwatch Foundation, due to the unauthorized use of marks that are confusingly similar to Plaintiff MK 19's federally registered trademark OV3RWATCH FOUNDATION.

5. Further, the Defendant's willful disregard of the Plaintiffs' trademark rights has necessitated this action to prevent ongoing and irreparable harm to the Plaintiffs' brand, business reputation, and ability to license the OV3RWATCH Trademark.

6. Plaintiff, the Ov3rwatch Foundation Charitable Trust is a 501(c)(3) Texas organization dedicated to promoting and supporting local law enforcement agencies throughout the country. The Ov3rwatch Foundation was created in 2017 as a grass roots organization with core values focused on promoting education, economic opportunity, social reinvestment, and partnerships in small and local communities.

7. The Ov3rwatch Foundations trademarks are licensed to it by 19 MK LLC, an entity incorporated in the State of Wyoming. Since its founding, the Ov3rwatch Foundation has raised large amounts of money to develop programs to support and promote government agencies, local law enforcement and first responders, business leaders, and neighborhood youth groups in various communities.

8. Plaintiff, 19 MK LLC, is the owner of four federally registered trademarks (collectively, the "OV3RWATCH Marks") that were registered with the United States Patent and Trademark Office ("USPTO") on July 25, 2023.

9. These marks are used in connection with the goods and services that the Plaintiffs provide, and they have become distinctive of the Plaintiff's goods and services in the marketplace. The trademarks at issue are shown below:

| **REGISTRATION NUMBER** | **REGISTERED TRADEMARK** | **REGISTRATION DATE** | **INTERNATIONAL CLASSES** |
|---|---|---|---|
| 7,121,953 | OV3RWATCH FOUNDATION | July 25, 2023 | For: Hoodies; Short-sleeved or long-sleeved t-shirts; Sweat shirts; T-shirts; Graphic T-shirts; Hooded sweat shirts in class 025. |
| 7,121,954 | OV3RWATCH FOUNDATION | July 25, 2023 | For: Charitable services, namely, promoting events and fundraisers for others; Organizing and conducting charity auctions for charitable fundraising purposes; Charitable services, namely, organizing and conducting volunteer programs and community service projects; Charitable services, namely, organizing youth groups to undertake charitable projects in the field of disaster response; Charitable services, namely, organizing youth groups to undertake charitable projects in the field of humanitarian relief efforts; Charitable services, namely, promoting public awareness of |

| | | | |
|---|---|---|---|
| | | | humanitarian relief efforts in class 035. |
| 7,121,955 | OV3RWATCH FOUNDATION | July 25, 2023 | For: Charitable fundraising; Charitable fundraising services for government safety programs; Charitable fundraising services for community safety programs; Charitable fundraising services for government safety training programs; Charitable fundraising services for community safety training programs; Charitable fundraising services for government wellness programs; Charitable fundraising services for community wellness programs; Charitable fundraising services for youth development programs; Charitable fundraising services; Charitable fundraising services by means of organizing and conducting special events; Fundraising services by means of organizing fundraisers for schools and other groups; Philanthropic services concerning |

| | | | |
|---|---|---|---|
| | | | monetary donations in class 036. |
| 7,121,955 | OV3RWATCH FOUNDATION | July 25, 2023 | For: Charitable services, namely, providing facilities for educational workshops to children and community members; Organizing, arranging and conducting virtual athletic and community gathering events, the proceeds of which are donated to charity; Organizing, arranging and conducting athletic and community gathering events, the proceeds of which are donated to charity in class 041. |

10. The registrations for the OV3RWATCH FOUNDATION Trademarks ("Ov3rwatch Trademarks") constitute *prima facie* evidence of their validity and of 19 MK and the Ov3rwatch Foundation Charitable Trust's exclusive right to use the Ov3rwatch Trademarks pursuant to 15 U.S.C. § 1057(b). True and correct copies of the United States Registration Certificates for the above-listed OV3RWATCH FOUNDATION Trademarks are attached hereto as **Exhibit 1**.

11. 19 MK LLC licensed the Ov3rwatch Trademarks on an exclusive basis to the Ov3rwatch Foundation.

12. Since 2017, Plaintiff Ov3rwatch Foundation has operated a website located at

https://overwatchfoundation.org/ where it promotes its brand and initiatives. The website lists Plaintiff's partners and gives viewers the ability to donate to the foundation. Online donations to Ov3rwatch Foundation represent a significant portion of Plaintiff's business. The overwatchfoundation.org website features proprietary content, images and designs exclusive to Plaintiff Ov3rwatch Foundation Charitable Trust.

13. Ov3rwatch Foundation has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the Ov3rwatch Trademarks.

**Defendant's Unlawful Conduct**

14. Defendant, The Overwatch Foundation was incorporated on March 9, 2022, under the laws of Illinois, with its principal place of business at 1701 Quincy Ave #27, Naperville, IL 60540.

15. In late 2022, Defendant through its agent Mark Turner began using the mark OVERWATCH FOUNDATION to solicit donations for its own charities and social causes.

16. Upon information and belief, Defendant was aware of Plaintiff and its use of the OV3RWATCH mark when it began its use of the mark OVERWATCH FOUNDATION.

17. Defendant's use of the OVERWATCH FOUNDATION mark caused and is causing confusion amongst consumers with Plaintiff Ov3rwatch Foundation Charitable Trust.

18. Defendant's unauthorized use of its confusingly similar marks includes, but is not limited to, appearances on several YouTube podcasts and the use of the mark on various social media platforms and websites to promote causes and movements that the Plaintiff does not support.

19. On January 23, 2023, the Plaintiffs sent the Defendant a cease-and-desist letter and demanded that it stop its use of the OVERWATCH mark.

20. In response to ongoing infringement, the Plaintiffs also issued a litigation hold notice on February 13, 2023.

21. The Defendant did not respond to these notices or engage in any meaningful discussion to resolve the infringement.

22. Despite being informed of the infringement through the January 23, 2023 cease-and-desist letter, and a subsequent communication including a litigation hold notice on February 13, 2023, the Defendant and its agents continued their unauthorized use of marks confusingly similar to the OV3RWATCH Trademarks.

23. Despite Plaintiff's requests and demand letters, the Defendant expanded the scope of its infringement by continuing to use its confusingly similar marks on newly launched websites and social media platforms.

24. Defendant Overwatch Foundation notably used the infringing marks on their newly acquired domain, www.helpteamoverwatch.org, acquired on November 7, 2023. This domain, along with continued posts on social media, demonstrates a willful intent to disregard the Plaintiff's trademark rights.

25. The Defendant's unauthorized and willful use of confusingly similar marks has caused and continues to cause confusion among consumers, damage to the Plaintiff's reputation, and dilution of the distinctive quality of the Plaintiff's trademarks. These activities threaten the Plaintiffs' business and the goodwill associated with the OV3RWATCH Trademarks, necessitating this action for injunctive relief and damages.

26. After notifying Defendant of its trademark rights, the Plaintiffs were required to contact multiple platforms and social media accounts to correct any confusion and false endorsement arising from the Defendant's confusing similar marks.

27. The below are examples of the Plaintiffs' efforts to correct consumer confusion and the Defendant's use of its confusing similar mark:

- On September 6, 2023, the Plaintiffs sent an informal email and phone call to the

- social media channels and content creators, Iron Sights, Scott Howell, Mike Ritland, Brass & Unity, and Shawn Ryan.
- On November 1, 2023, the Plaintiffs sent a formal notice to Iron Sights / Scott Howell and Network for Good of its trademark rights and a request for a takedown of the post featuring the Defendant's infringing marks.
- On November 2, 2023, the Plaintiff sent a cease-and-desist notice to Mike Ritland and Brass & Unity regarding trademark rights and a request to takedown the post featuring the Defendant's infringing marks.
- On November 3, 2023, the Plaintiffs sent another cease-and-desist notice to Shawn Ryan.
- On November 7, 2023, the Plaintiffs sent a cease-and-desist notice to the social media channel Savage Syndicate and Julian Dorey.

28. Defendant's unauthorized use of its confusingly similar marks in connection with soliciting donations for its charities and social causes is likely to cause and has caused confusion and mistake, by and among consumers and is irreparably harming Plaintiff Ov3rwatch Foundation.

## COUNT I

### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28.

30. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of its confusingly similar mark OVERWATCH FOUNDATION with the federally registered OV3RWATCH FOUNDATION Trademarks in connection with the sale, offering for sale, distribution, and/or solicitation of charitable causes and donations.

31. Defendants have solicited, discussed, and promoted to sell, marketed, distributed,

8

and advertised its OVERWATCH FOUNDATION marks without the Plaintiffs' permission.

32. Plaintiff 19 MK is the exclusive owner of the OV3RWATCH FOUNDATION Trademarks.

33. Plaintiff's United States Registrations for the OV3RWATCH FOUNDATION Trademarks (**Exhibit 1**) are in full force and effect.

34. Upon information and belief, Defendants have knowledge of Ov3rwatch Foundation Charitable Trust's rights in the OV3RWATCH FOUNDATION Trademarks, and are willfully infringing and intentionally using counterfeits of the OV3RWATCH FOUNDATION Trademarks. Defendants' willful, intentional and unauthorized use of the OV3RWATCH FOUNDATION Trademarks is likely to cause and is causing confusion, and mistake as to the origin and affiliation of the parties' websites and online presence among the general public.

35. Defendants' activities constitute willful trademark infringement, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

36. Plaintiffs Ov3rwatch Foundation and 19 MK have no adequate remedy at law, and if Defendants' actions are not enjoined, the Plaintiffs will continue to suffer irreparable harm to its reputation, investment in its branding and licensing deals, and the goodwill of its trademarks.

37. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, and promotion of confusingly similar trademarks to solicit donations.

## COUNT II

### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

38. Plaintiffs hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28.

39. Defendants' use, promotion, marketing, and solicitation of donations using the

confusingly similar mark OVERWATCH FOUNDATION has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff Ov3rwatch Foundation or the origin, sponsorship, or approval of Defendants' charities by the Plaintiffs.

40. By using its confusingly similar OVERWATCH FOUNDATION mark in connection with its charities and promotion, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Defendant's charities.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its charities to the general public, despite knowledge of its infringement of Plaintiff's trademarks, is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Plaintiffs 19 MK and the Ov3rwatch Foundation have no adequate remedy at law and, if Defendants' actions are not enjoined, the Plaintiffs will continue to suffer irreparable harm to their reputation, branding investments, licensing deals, and the associated goodwill of its Ov3rwatch Foundation brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs 19 MK LLC and Ov3rwatch Foundation Charitable Trust pray for judgment against the Defendants as follows:

1) **Issue a Permanent Injunction** prohibiting the Defendant, The Overwatch Foundation, and its representatives, agents, servants, employees, and all persons in active concert or participation with them, from further infringement of the OV3RWATCH Marks. This injunction should specifically bar the Defendant from using the OV3RWATCH Marks or any other marks confusingly similar to them in any manner, including within any domain names, social media handles, marketing materials, or other forms of advertisement.

2) **Order the Turnover of Property**: Direct the Defendant to transfer to the Plaintiffs the

ownership and administrative rights of all websites, domain names, and social media accounts that use the OV3RWATCH FOUNDATION Trademark or OVERWATCH FOUNDATION Marks or any marks confusingly similar to them. This should include, but not be limited to, the domains www.overwatchfoundationusa.org www.helpteamoverwatch.org, and their corresponding social media platforms.

3) **Award Damages** for the profits that the Defendant wrongfully received from the use of the infringing marks, and any damages sustained by the Plaintiffs as a result of the Defendant's unlawful actions, calculated in accordance with 15 U.S.C. § 1117.

4) **Award Punitive Damages**: In light of the Defendant's willful, deliberate, and malicious infringement of the Plaintiff 19 MK's trademarks, award punitive damages to deter such conduct in the future and to provide just punishment for the Defendant's actions.

5) **Award Attorney's Fees and Costs**: Grant the Plaintiffs recovery of reasonable attorney's fees, costs, and expenses pursuant to 15 U.S.C. § 1117, as the case is exceptional due to the Defendant's willful infringement and bad faith actions.

6) **Grant Such Other and Further Relief** as the Court deems just and proper.

7) The Plaintiffs further pray for a trial by jury on all issues so triable.

8) That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

9) Award any and all other relief that this Court deems just and proper.

Respectfully Submitted,

/s/ Benjamin C.R. Lockyer

Ana Juneja
Ana Law Group
444 N. Michigan Avenue, Suite 1200
Chicago, IL 60611
lawyer@analaw.com

Benjamin C.R. Lockyer

                                        Lockyer Law LLC
                                        6515 W. Archer Ave.
                                        Chicago, IL 60638
                                        ben@lockyerlaw.com
                                        (773) 340-0011

***Attorneys for Plaintiffs 19 MK LLC &***
***Ov3rwatch Foundation Charitable Trust***